Dear Mr. Delahaye:
I am in receipt of your request for an Attorney General's opinion concerning whether the Iberville Parish School Board has an obligation to pay a retired employee for accrued annual leave when the School Board has a policy that provides that there will be no carry over of annual leave from one year to another.
LSA-R.S. 23:631 provides the following in reference to the discharge or resignation of employees and the payment to these employees after termination of employment:
 A. (1)(a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge.
 (b) Upon the resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of resignation, whichever occurs first.
 (2) Payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee's or laborer's current address as shown in the employer's records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed. The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal Service.
 (3) The provisions of this Subsection shall not apply when there is a collective bargaining agreement between the employer and the laborer or other employee which provides otherwise.
 B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section. The employee shall have the right to file an action to enforce such a wage claim and proceed pursuant to Code of Civil Procedure Article 2592.
 C. With respect to interstate common carriers by rail, a legal holiday shall not be considered in computing the three day period provided for in Subsection A of this Section.
 D. (1) For purposes of this Section, vacation pay will be considered an amount then due only if, in accordance with the stated vacation policy of the person employing such laborer or other employee, both of the following apply:
 (a) The laborer or other employee has not taken or been compensated for the vacation time as of the date of the discharge or resignation.
 (2) The provisions of this Subsection shall not be interpreted to allow the forfeiture of any vacation pay actually earned by an employee pursuant to the employer's policy.
As discussed in Picard v. Vermillion Parish School Board, 98-1933 (La.App. 3rd Cir. 6/23/99):
 [V]acation pay is considered to be wages for purposes of LSA-R.S. 23:631, Draughn v. Mart, 411 So.2d. 1188 (La.App. 4 cir. 1982), writ denied, 415 So.2d. 944 (La. 1982), Baudoin v. Vermillion Parish School Bd., 96-1604 (La.App. 3 cir. 4/2/97, 692 So.2d. 1316 writ denied, 67-1169 (La. 6/20/97, 695 So.2d. 1358).
Unused vacation pay is considered wages for purposes of the statute at issue, unless the employer's established policy precludes such payments. Landry v. Paul, Inc., 496 So.2d. 431 (La.App. 5 cir. 1986), writ denied, 500 So.2d. 428 (La. 1987).
You state that the retired employee-in-question asserts Attorney General Opinion No. 98-296-A as authority to pay him accrued annual leave. In this opinion, our office opines in pertinent part the following:
 Under the provisions of LSA-R.S. 23:631, a resigning or discharged employee is entitled to recover vacation pay which accrued prior to his discharge unless the employer's established policy precludes compensation for unused vacation days. However, the Avoyelles Parish School Board adopted policies which provided that full-time twelve month employees would be compensated for unused annual leave and unused leave was carried forward without limitations. (Emphasis added).
The author of opinion 98-296-A cited Baudoin v. Vermillion ParishBoard, 692 So.2d. 1316 (3 cir. 1997) wherein the court held that a retired school board employee was entitled to compensation for accrued but unused annual leave, where those alleged policies were not well known or routinely followed. The court also stated that the school board could not allow an employee to accumulate annual leave and then change its policy, so that the employee forfeits what he or she accumulated prior to the changes in policy.Baudoin citing Bertreau v. Wiener Corp., 362 So.2d. 806 (La.App. 4 cir. 1978) and Knecht v. Board of Trustees for State Colleges andUniversities and Northwestern State University, 591 So.2d. 690 (La. 1991).
In Huddleston v. Dillard Dept. Store, Inc., 94-53 (La.App. 5 Cir. 5/31/94); 638 So.2d. 383, the court found that where an employer has a clearly established policy that vacation time is not considered wages for the purposes of La. R.S. 23:631(D)(2), an employee is not entitled to reimbursement for unused, accrued vacation time. The employee handbook clearly stated that vacation is a benefit and not an earned wage and that vacation pay is not available to employees terminated for cause. The Court concluded that vacation pay under the policy in Huddleston would not fall under the category of something "actually earned by an employee pursuant to the employer's policy" under La. R.S. 23:631 D(2).
Finally, as pointed out in Huddleston, we must consider the words of Justice Tate in footnote 10 in Morse v. J. Ray McDermott Co.,Inc., 344 So.2d. 1353, 1359 (La. 1976) wherein Justice Tate stated:
 "[T]he courts of this state have noted that forfeitures of wages are not favored under our law."
As mentioned above, in the present situation, the Iberville Parish School Board has a policy concerning annual leave for twelve month employees which was adopted October 23, 1978 and revised in February and April of 1993. The policy provides that there would be no carry over of annual leave from one year to another. Upon inquiry, I have been informed that the revisions do not pertain to the carry over of annual leave. I also inquired about any policies concerning annual leave that the Iberville Parish School Board might have had prior to the 1978 policy. I have been provided with a copy of the minutes of the Board on November 5, 1974, wherein the Board adopted a policy concerning annual leave. The minutes reflect that "[t]here shall be no carry over and vacations should be scheduled for one week or more at a time by the superintendent." On August 5, 1975, the policy was amended, but the amendment did not pertain to the carry over of annual leave. Therefore, from November 5, 1974, to present the School Board's policy has been that there is to be no carry over of annual leave from one year to another. However, since the policies do not state that annual leave is not considered as wages for purposes of LSA-R.S. 23:631(D)(2), then it is considered to be earned wages.
There are two time periods that must be addressed for the employee-in-question. They are from the time in which the employee was hired until the School Board's policy was adopted on November 5, 1974, and the time thereafter until retirement. From November 5, 1974, until the time the employee retired, the School Board's policies limit the benefit actually earned by the policies by stating there can be no carry over of annual leave. Therefore, the employee is only entitled to reimbursement for the annual leave unused for the year in which the employee retired. Since there was no written policy concerning annual leave prior to November 5, 1974, the employee would be entitled to reimbursement for any unused annual leave from the time he was hired until November 5, 1974. However, LA.CC. Art. 3494 provides a three-year liberative prescription for an action for the recovery of compensation for services rendered including payment of salaries and wages. I have been informed that the employee in this matter retired July 31, 1989. Therefore, unless he filed suit within the three-year prescription period, the suit has prescribed.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc